UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-21877-UU

ROQUE FABIO DIAZ,

    Plaintiff,

v.

IN SEASON DISTRIBUTORS,
LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Count II of Plaintiff's Complaint, D.E. 11, filed June 27, 2016. The Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises. For reasons set forth below, Defendants' Motion is DENIED.

### Background

On May 24, 2016, Plaintiff filed this action, alleging that he worked for Defendants from February 2014 to May 16, 2016, and that Defendants: (1) failed to pay him overtime compensation in violation of the Fair Labor Standards Act ("FLSA") (Count I); and (2) knowingly filed false annual tax returns and IRS Form 941 quarterly tax returns while he was employed by Defendants (Count II). On June 27, 2016, Defendants filed the instant Motion to Dismiss Count II of Plaintiff's Complaint, seeking dismissal of Count II under Federal Rule of Civil Procedure 12(b)(6).

**Discussion**

I. Legal Standard

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

II. Analysis

Defendants argues that Plaintiff fails to state a claim under 26 U.S.C. § 7434. To state a claim under 26 U.S.C. § 7434, Plaintiff must allege: (1) Defendants issued an information return;

(2) the information return was fraudulent; and (3) Defendants willfully issued such a fraudulent return. 26 U.S.C. § 7434; *see also Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1297-98 (S.D. Fla. 2014).

Defendant argues that Count II of Plaintiff's Complaint should be dismissed because Plaintiff fails to allege facts to plausibly show that: (1) the information return was fraudulent; and (2) Defendants willfully issued the allegedly fraudulent return. D.E. 11 pp. 3-4. Defendant relies primarily on *Leon*, in which the court dismissed the plaintiff's claim under 26 U.S.C. § 7434 because the plaintiff "provide[d] no factual support that Defendant Justo was a filer of the alleged fraudulent return form" and, moreover, failed to allege sufficient facts to show that either of the defendants "willfully or fraudulently issued false returns." *Leon*, 51 F. Supp. 3d at 1298. With respect to willfulness, the *Leon* court concluded that the plaintiff must, and failed to, plausibly allege a "voluntary, intentional violation of a legal duty" based on "intentional wrongdoing." *Id.*

In response, Plaintiff argues that the Complaint plausibly alleges a violation of 26 U.S.C. § 7434. Plaintiff relies primarily on *Bolling v. PP&G, Inc.*, WDQ-15-911, 2015 WL 9255330, at *7 (D. Md. 2015), in which the court denied a motion to dismiss a claim under 26 U.S.C. § 7434 because the plaintiff plausibly alleged the "who, what, when, why or how surrounding the actual failing of [allegedly fraudulent] returns." Plaintiff contends that, in this case, he similarly states a claim by alleging the "who," "what," "when," "why," and "how," of Defendants' allegedly unlawful acts by means of the following allegations: (1) Defendants "filed false annual tax returns for the calendar years 2014 and 2015" and filed "false IRS Form 941 quarterly tax returns for all four quarters of 2014 and 2015, for the first quarter of 2016, and possibly the second quarter of 2016," (2) "to shift the tax obligation to Mr. Diaz, to less their tax payments as

3

employers, and to not have to contribute social security for Mr. Diaz," and (3) did so by "misclassifying Mr. Diaz as an independent contractor." D.E. 1 ¶¶ 26-27; D.E. 13 p. 4 (citing D.E. 1 ¶¶ 26-29).

The Court agrees with Plaintiff. At this stage of the proceedings, Plaintiff states a claim for relief because the Complaint presents allegations that "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 545; *see also Bolling*, 2015 WL 9255330, at *7 (denying motion to dismiss where "Plaintiffs have plausibly alleged a cause of action under § 7434") and *Gidding v. Zurich Am. Ins. Co.*, No. 15-cv-01176-HSG, 2016 WL 4088865, at *7 (N.D. Cal. Aug. 2, 2016) (denying motion to dismiss claim under 26 U.S.C. § 7434 because "[b]ased on the allegations, it is possible" that the defendant willfully filed a fraudulent information return). Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 11, is DENIED. It is further

ORDERED AND ADJUDGED that Defendants SHALL file their Answer to Plaintiff's Complaint no later than **Friday, September 2, 2016.**

DONE AND ORDERED in Chambers, Miami, Florida, this 17th day of August, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record